# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------------X

NANCY GRAY,

Plaintiff(s),

-against-

COSTCO WHOLESALE CORPORATION,

Defendant(s).

---------------------------------------------------------------------X

Index No.:
Date Purchased:

**E-FILED SUMMONS**

Plaintiffs designate Suffolk County as the place of trial.

The basis of venue is:
Plaintiff's Residence

Plaintiffs reside at:
6 Goldfinch Lane
Huntington, NY 11743
County of Suffolk

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Ronkonkoma, New York
July 2, 2025

SEAN KELLY
Gruenberg Kelly Della
700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110
Our File No. 250376

TO:

Costco Wholesale Corporation
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------------------X

NANCY GRAY,

Plaintiff(s),

-against-

COSTCO WHOLESALE CORPORATION,

Defendant(s).

----------------------------------------------------------------------X

Index No.:

**E-FILED VERIFIED COMPLAINT**

Plaintiff, by their attorneys, GRUENBERG KELLY DELLA, complaining of the Defendant, respectfully allege, upon information and belief:

1. That at all times herein mentioned, plaintiff was, and still is, a resident of the County of Suffolk, State of New York.

2. That the cause of action alleged herein arose in the State of New York, County of Suffolk.

3. That this action falls within one or more of the exemptions set forth in CPLR §1602.

4. That at all times hereinafter mentioned and upon information and belief, defendant, COSTCO WHOLESALE CORPORATION, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

5. That at all times hereinafter mentioned and upon information and belief, defendant, COSTCO WHOLESALE CORPORATION, was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

6. That at all times hereinafter mentioned and upon information and belief, defendant, COSTCO WHOLESALE CORPORATION, was and still is a business authorized to conduct business under and by virtue of the Laws of the State of New York.

7. That on April 18, 2024, and at all times herein mentioned, defendant, COSTCO WHOLESALE CORPORATION, owned the premises located at 625 Broadhollow Road, Melville, NY.

8. That on April 18, 2024, and at all times herein mentioned, defendant, COSTCO WHOLESALE CORPORATION, leased and/or rented the aforesaid premises.

9. That on April 18, 2024, and at all times herein mentioned, defendant, COSTCO WHOLESALE CORPORATION, operated the aforesaid premises.

10. That on April 18, 2024, and at all times herein mentioned, defendant, COSTCO WHOLESALE CORPORATION, maintained the aforesaid premises.

11. That on April 18, 2024, and at all times herein mentioned, defendant, COSTCO WHOLESALE CORPORATION, managed the aforesaid premises.

12. That on April 18, 2024, and at all times herein mentioned, defendant, COSTCO WHOLESALE CORPORATION, controlled the aforesaid premises.

13. That on April 18, 2024, and at all times herein mentioned, defendant, COSTCO WHOLESALE CORPORATION, repaired the aforesaid premises.

14. That on April 18, 2024, and at all times herein mentioned, defendant, COSTCO WHOLESALE CORPORATION, inspected the aforesaid premises.

15. That on April 18, 2024, and at all times herein mentioned, an unsafe and hazardous condition existed on or about the aforesaid premises.

16. That at all times herein mentioned, defendant, COSTCO WHOLESALE CORPORATION, caused this unsafe and hazardous condition.

17. That at all times herein mentioned, defendant, COSTCO WHOLESALE CORPORATION, created this unsafe and hazardous condition.

18. That upon information and belief, defendant, COSTCO WHOLESALE CORPORATION, had actual notice of this unsafe and hazardous condition.

19. That upon information and belief, defendant, COSTCO WHOLESALE CORPORATION, had constructive notice of this unsafe and hazardous condition.

20. That on April 18, 2024, plaintiff, NANCY GRAY, was lawfully present on or about the aforesaid premises.

21. That on April 18, 2024, plaintiff, NANCY GRAY, was lawfully present on the aforesaid premises with the knowledge, permission and consent of the defendants.

22. That on April 18, 2024, while plaintiff, NANCY GRAY, was lawfully present on the aforesaid premises, plaintiff was caused to trip and fall.

23. That on April 18, 2024, plaintiff, NANCY GRAY, was caused to trip and fall due to the abovementioned unsafe and hazardous condition.

24. That as a result of the plaintiff, NANCY GRAY, tripping and falling, plaintiff was caused to sustain severe and permanent injuries.

25. That the abovementioned occurrence and the results thereof were caused by the negligence of the defendant and/or said defendant's servants, agents, employees and/or licensees in the ownership, operation, management, maintenance, repair, inspection and control of the aforesaid premises.

26. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

27. That because of the unsafe and hazardous condition that existed at the above stated premises, plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said

injuries plaintiff was caused and will continue to be caused to incur expenses for medical care and attention; and plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

28. That as a result of the foregoing, plaintiff, NANCY GRAY, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Ronkonkoma, New York
July 2, 2025

Yours, etc.

SEAN KELLY
Gruenberg Kelly Della
700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110
Our File No. 250376

INDIVIDUAL VERIFICATION

STATE OF NEW YORK
COUNTY OF SUFFOLK SS.:

Nancy Gray being duly sworn deposes and says:

I am the plaintiff(s) herein; I have read the annexed

Summons and Complaint

and know the contents thereof and the same are true to my knowledge, except for those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

x Nancy Gray

Sworn to before me this
2 day of July, 2025

[signature]
Notary Public

TOMAS VIERA
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01VI0009902
Qualified in Suffolk County
Commission Expires 06/20/2027